# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 2, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| SHIRLEY FRAZIER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-714V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Justin G. Day, Greg Coleman Law, PC, Knoxville, TN, for Petitioner.
Claudia B. Gangi, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 22, 2019, Shirley Frazier ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 63). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$34,195.20.**

I. **Procedural History**

On June 20, 2016, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that an influenza vaccination she received on November 13, 2015, caused her to suffer Guillain-Barré syndrome. On September 21, 2018, the parties filed a stipulation, which I adopted as my Decision awarding damages on the same day. Decision, ECF

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

No. 59.

On April 22, 2019, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Justin Day, in the total amount of $39,041.50, representing $27,540.00 in attorneys' fees and $11,501.50 in costs. Fees App. at 8, 12. Respondent reacted to the fees motion on May 1, 2019, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 63). Petitioner did not file a reply thereafter. The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioner requests the following rates of compensation for her attorneys: $450.00 per hour for all work performed by Mr. Justin Day, $500.00 per hour for all work performed by Mr. Adam Edwards, and $400.00 per hour for all work performed by Ms. Celia Hastings. Fees App. at 9. These rates require adjustment.

The matter of proper rates for the work of counsel was previously discussed in counsel's first Vaccine Program case (the instant case is counsel's second completed case, with two more cases remaining active). *See Winters v. Sec'y of Health & Human Servs.*, No. 17-887V, slip op. at 3-5 (Fed. Cl. Spec. Mstr. May 17, 2019). In *Winters*, the special master compared counsel's requested rates with those set forth in the Office of Special Masters Attorneys' Forum Hourly Rate Schedules for the years 2015-2018.[3]

---

[3] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.p

First, concerning the rates for Mr. Day, the special master noted that he has been barred since 2014, placing him within the range of 0-4 years of experience for 2016 and the 4-7 years' range for 2017 and 2018. Thus, based upon the factors discussed in *McCulloch*, including Mr. Day's lack of experience in the Vaccine Program and overall lack of experience, the special master awarded Mr. Day $200.00 per hour for work performed in 2016, $230.00 per hour for work performed in 2017, and $240.00 per hour for work performed in 2018.

Next, the special master reached a similar conclusion for the rates of Mr. Edwards. The special master noted that Mr. Edwards has been licensed to practice law since 2004, placing him within the 11-19 years of experience range. However, Mr. Edwards is not admitted in the Court of Federal Claims and does not appear to have any Vaccine Program experience beyond assisting in cases in which Mr. Day is the counsel of record. Thus, the special master awarded Mr. Edwards the following rates: $315.00 per hour for work performed in 2016; $330.00 per hour for work performed in 2017, and $345.00 per hour for work performed in 2018.

Finally, concerning the rates of Ms. Hastings, the special master noted that she has been licensed to practice law since 1979, placing her in the highest experience range on the fee schedules. Thus, her overall experience as a lawyer supports her higher requested rates, although this was mitigated by the fact that she also is not admitted in the Court of Federal Claims and lacks prior Vaccine Program experience. The special master thus awarded her $385.00 per hour for work performed in 2016 and $400.00 per hour for work performed in 2017 and 2018.

The undersigned finds the special master's analysis and reasoning in *Winters* to be sound and will therefore adopt the same rates for the instant case. Additionally, Petitioner has not provided any additional information to support rates above what was previously awarded in *Winters*. Accordingly, the following reductions shall be made to the final award of fees: $1,871.00 for adjustments to Mr. Day's rate,[4] $2,617.50 for adjustments to Mr. Edwards' rate,[5] and $81.00 for adjustments to Ms. Hastings' rate[6] for a total reduction of **$4,569.50**.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter (64.15) appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$22,970.50**.

### b. Attorneys' Costs

---

df. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] ($450.00 - $200.00 = $250.00 * 1.1 hours in 2016 = $275.00) + ($450.00 - $230.00 = $220.00 * 4.2 hours in 2017 = $924.00) + ($450.00 - $240.00 = $210.00 * 3.2 hours in 2018 = $672.00) = $1,871.00.

[5] ($500.00 - $315.00 = $185.00 * 9.6 hours in 2016 = $1,776.00) + ($500.00 - $330.00 = $170.00 * 4.95 hours in 2017 = $841.50) = $2,617.50.

[6] ($400.00 - $385.00 = $15.00 * 5.4 hours in 2016) = $81.00.

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $11,501.50. Fees App. at 12. This amount is comprised of acquiring medical records, postage, the Court's filing fee, Petitioner's life care planner, and the mediation services of former Chief Special Master Gary Golkiewicz. The undersigned has reviewed the submitted documentation supporting these costs and finds that two reductions are necessary. First, Petitioner has failed to provide adequate documentation supporting "Medical Records/CIOX Medical Records" incurred on August 3, 2016 in the amount of $35.50. Second, Petitioner requests $1,841.30 for former Chief Special Master Golkiewicz's mediation work plus $241.30 for one half of his airline ticket. Fees App. at 12. However, a careful reading of the former Chief Special Master's invoice indicates that the billed amount of $1,841.30 is inclusive of airfare costs. Fees App. at 27 (indicating fees of $1,600.00 and costs of $241.30 for a total of $1,841.30). To avoid a double-recovery for the airfare costs, the undersigned shall reduce the award of costs by $241.30.

The remainder of the costs appear reasonable in the undersigned's experience and have been supported with adequate documentation. Therefore, Petitioner is entitled to a final award of costs of **$11,224.70**.

III.    **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $27,540.00 |
|---|---|
| (Reduction of Fees) | - ($4,569.50) |
| **Total Attorneys' Fees Awarded** | **$22,970.50** |
| | |
| Attorneys' Costs Requested | $11,501.50 |
| (Reduction of Costs) | - ($276.80) |
| **Total Attorneys' Costs Awarded** | **$11,224.70** |
| | |
| **Total Attorneys' Fees and Costs** | **$34,195.20** |

**Accordingly, I award a lump sum in the amount of $34,195.20, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Justin Day.[7]**

---

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[8] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).